UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN VALENCIA CARDENAS, | No.  1:26-cv-02073-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 2) |

On March 16, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 16, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release.  (Doc. No. 4.)

/////

1

On March 18, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Respondents argue only that petitioner is an "applicant for admission" and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents fail to address whether this matter is substantively distinguishable to *Ayala Cajina*, instead addressing whether this case is distinguishable from the inapposite order in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025). (Doc. No. 7.) Respondents state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id.* at 1.) Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing. (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

On March 4, 2022, petitioner was the victim of an armed robbery in Oakland, California. (Doc. No. 1 at ¶ 14.) On December 22, 2022, petitioner filed an application for a U-visa. (*Id.*) On February 20, 2026, petitioner was detained at his home. (*Id.* at ¶ 15.) However, it is not clear from petitioner's evidence that petitioner had previously encountered immigration authorities and been released by those authorities. Accordingly, the court adopts its reasoning in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) in concluding that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1226(a). Moreover, to preserve the status quo *ante litem*, and in light of the persuasive authority in *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026) which ordered the petitioner's immediate release where

/////

/////

/////

/////

2

the respondents incorrectly detained the petitioner pursuant to 8 U.S.C. § 1225, the court finds that immediate release is the appropriate remedy in this case.[1]

The court incorporates and adopts the reasoning set forth in *Ayala Cajina* and finds that petitioner's continued detention violates due process.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner from respondents' custody;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

/////

/////

---

[1] Petitioner also argues that he is likely to prevail on his claim that his arrest inside a private residence on an administrative warrant violated the Fourth Amendment and accordingly implicated his due process rights. (Doc. No. 2-1 at 9–11.) The court need not decide this issue because it determines that petitioner is entitled to release on other grounds. Nevertheless, the court notes that petitioner declares that he was arrested by immigration authorities who "cut the chains on the front gates" and then "broke down the back door" of his house. (Doc. No. 2-4 at ¶ 2.) Petitioner declares that he was arrested in his private residence. (*Id.* at ¶ 3.) Petitioner further declares that he was not shown an arrest or a search warrant. (*Id.* at ¶ 4.) In opposition, respondents assert that petitioner was detained "pursuant to a warrant for arrest of alien," but fail to provide address whether the purported warrant is authentic or that it was issued prior to the arrest of petitioner (Doc. No. 7-1) and also have not produced an arrest warrant issued by a judge as would be required to enter a home. *See Kidd v. Mayorkas*, 734 F. Supp. 3d 967, 980 (C.D. Cal. 2024) ("[A]n administrative warrant is insufficient to enter the constitutionally protected areas of a home" and concluding further that ICE's "knock and arrests" violate the Fourth Amendment); *M-J-M-A- v. Hermosillo*, — F. Supp. 3d —, 2026 WL 562063, at *19 (D. Or. Feb. 27, 2026) (finding that ICE in some regions has a practice of "fabricating warrants after arrests were made").

3

3.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE